UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JOHN J. HEUBUSCH,

                    Plaintiff,

                                                         **Hon. Hugh B. Scott**

                    v.                                    04CV962A

                                                         **Report
and
Recommendation**

JO ANNE B. BARNHART, Commissioner of
Social Security,

                    Defendant.

Before the Court are the parties' respective motions for judgment on the pleadings (Docket Nos. 8 (defendant Commissioner), 10 (plaintiff)).

## INTRODUCTION

This is an action brought pursuant to 42 U.S.C. § 405(g) to review the final determination of the Commissioner of Social Security that plaintiff is not disabled and, therefore, is not entitled to disability insurance benefits and/or Supplemental Security Income benefits.

## PROCEDURAL BACKGROUND

The plaintiff, John J. Heubusch ("Heubusch" or "plaintiff"), filed an application for disability insurance benefits on April 28, 2003. That application was denied initially and on reconsideration. The plaintiff appeared before an Administrative Law Judge ("ALJ"), who considered the case de novo and concluded, in a written decision dated October 7, 2004, that the plaintiff was not disabled within the meaning of the Social Security Act. The ALJ's decision

became the final decision of the Commissioner on November 3, 2004, when the Appeals Council denied plaintiff's request for review.

Plaintiff commenced this action on December 1, 2004 (Docket No. 1). The parties moved for judgment on the pleadings (Docket Nos. 8, 10). The motions were deemed submitted as of October 7, 2005 (see Docket No. 7).

## FACTUAL BACKGROUND[1]

Plaintiff was born on February 19, 1964, and has a high school education. He worked as a driver for an automobile parts store and a machine operator. He claimed impairment from thoracic kyphosis (abnormally increased convexity in the curvature of the thoracic spine as viewed from the side, hunchback (see Docket No. 9, Comm'r Memo. at 3 n.3, citing Dorland's Illustrated Medical Dictionary 890 (28th ed. 1994))), disc degeneration, chronic back pain syndrome, and post compression fractures.

## MEDICAL AND VOCATIONAL EVIDENCE

On August 21, 1995, plaintiff attempted to push a 400-600 pound dust cart, when he experienced back pain. He complains that he has experienced back pain since that incident. (Docket No. 9, Comm'r Memo. at 3; R. 141.)

The ALJ found that plaintiff's pain testimony was partially credible and not fully supported by the written medical record (R. 14). In particular, the ALJ rejected the opinion of Dr. William Capicotto of March 2, 2003, that plaintiff remained "totally disabled," because that was the ultimate issue for resolution by the Commissioner and that opinion conflicted with the

---

[1] References noted as "(R.__)" are to the certified record of the administrative proceedings.

rest of the medical record (R. 15). The ALJ found that plaintiff's impairment was severe but did not meet the regulatory standard for a disabling impairment (R. 14; see Docket No. 9, Comm'r Memo. at 19-20). The ALJ evaluated plaintiff's residual functional capacity and found that he could lift up to 10 pounds occasionally, 5 pounds frequently; could stand and/or walk for 2 hours, could sit for 6 hours, but required alternating between sitting and standing over an 8-hour day (R. 16; see Docket No. 9, Comm'r Memo. at 20). The ALJ concluded that plaintiff could not perform his past relevant work but could perform sedentary work (R. 16-17). The vocational expert then opined that a hypothetical person in plaintiff's condition could work in sedentary positions such as a hand assembler, information clerk, or service dispatcher, all jobs within New York State (R. 17). The ALJ thus concluded that plaintiff was not disabled.

## DISCUSSION

The only issue to be determined by this Court is whether the ALJ's decision that the plaintiff was not under a disability is supported by substantial evidence. See 42 U.S.C. § 405(g); Rivera v. Sullivan, 923 F.2d 964, 967 (2d Cir. 1991). Substantial evidence is defined as "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. National Labor Relations Bd., 305 U.S. 197, 229 (1938)).

I.      Standard

For purposes of both Social Security Insurance and disability insurance benefits, a person is disabled when he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death

or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A) & 1382c(a)(3)(A).

Such a disability will be found to exist only if an individual's "physical or mental impairment or impairments are of such severity that [he or she] is not only unable to do [his or her] previous work but cannot, considering [his or her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. §§ 423(d)(2)(A) & 1382c(a)(3)(B).

The plaintiff bears the initial burden of showing that his impairment prevents him from returning to his previous type of employment. Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982). Once this burden has been met, "the burden shifts to the [Commissioner] to prove the existence of alternative substantial gainful work which exists in the national economy and which the plaintiff could perform." Id.; see also Dumas v. Schweiker, 712 F.2d 1545, 1551 (2d Cir. 1983); Parker v. Harris, 626 F.2d 225, 231 (2d Cir. 1980).

In order to determine whether the plaintiff is suffering from a disability, the ALJ must employ a five-step inquiry:

> (1) whether the plaintiff is currently working;
>
> (2) whether the plaintiff suffers from a severe impairment;
>
> (3) whether the impairment is listed in Appendix 1 of the relevant regulations;
>
> (4) whether the impairment prevents the plaintiff from continuing his past relevant work; and
>
> (5) whether the impairment prevents the plaintiff from doing any kind of work.

20 C.F.R. §§ 404.1520 & 416.920; Berry, supra, 675 F.2d at 467.  If a plaintiff is found to be either disabled or not disabled at any step in this sequential inquiry, the ALJ's review ends. 20 C.F.R. §§ 404.1520(a) & 416.920(a); Musgrave v. Sullivan, 966 F.2d 1371, 1374 (10th Cir. 1992).  However, it should be noted that the ALJ has an affirmative duty to fully develop the record.  Gold v. Secretary, 463 F.2d 38, 43 (2d Cir. 1972).

In order to determine whether an admitted impairment prevents a claimant from performing his past work, the ALJ is required to review the plaintiff's residual functional capacity and the physical and mental demands of the work he has done in the past.  20 C.F.R. §§ 404.1520(e) & 416.920(e).  The ALJ must then determine the individual's ability to return to his past relevant work given his residual functional capacity.  Washington v. Shalala, 37 F.3d 1437, 1442 (10th Cir. 1994).

II.     Application

   A.     Plaintiff's Subjective Pain Complaints

Plaintiff asserts that the ALJ did not properly assess his subjective complaints of symptoms, arguing that the ALJ did not state why plaintiff's testimony was not "worthy of complete acceptance" (Docket No. 10, Pl. Memo. at 6-7, quoting R. 14).  He points to Social Security Ruling SSR 96-7p which requires more than a conclusory statement in rejecting a claimant's allegations of pain (Docket No. 10, Pl. Memo. at 7).  The Commissioner, however, argues that the ALJ did consider plaintiff's testimony, by finding (for example) that he could not return to his former work, and did not disregard plaintiff's complaints (Docket No. 11, Comm'r Reply Memo. at 1-2).  She notes that plaintiff failed to raise his pain complaints to his treating physicians, who noted no evidence of back spasms (Docket No. 9, Comm'r Memo. at 26-27).

She argues that plaintiff's claim of constant pain is belied by his physicians' recommendations that plaintiff attend vocational rehabilitation and look for work (id. at 27). Plaintiff's daily activities negate his complaints, such as using a riding tractor lawn mower and riding an all-terrain vehicle ("ATV") to go hunting (id. at 28; R. 48, 189, 184), but he also said that he did the laundry occasionally and went into the city on good days (Docket No. 9, Comm'r Memo. at 28; R. 46) and complains about pain while he sleeps (R. 48).

The ALJ, however, did not make findings where he found that plaintiff's pain complaints were not credible or even the degree of credibility and how that lead to his findings. He did not contrast plaintiff's pain complaints with findings from the medical record to contradict (or support) those complaints. This matter should be **remanded** to have the ALJ make findings as to plaintiff's pain symptoms and to spell out which contentions are accepted and which are not, and the reasons for acceptance or rejection.

B.     Plaintiff's Ability to Stand for Two Hours

In the instant case, another (but related) issue is whether plaintiff can perform the tasks required for sedentary work, namely stand for at least two hours. Plaintiff contends that the ALJ inaccurately relied upon the consultative examining physician, Dr. Blum, and his findings (Docket No. 10, Pl. Memo. at 8; cf. R. 15, 16). Dr. Blum found that plaintiff could stand only for 2 hours a workday and could not stoop, kneel or crouch (Docket No. 10, Pl. Memo. at 8; R. 232-40, 237, 238). Since the ALJ did not pose Dr. Blum's precise findings as a hypothetical to the vocational expert, the expert's opinion may have been distorted (Docket No. 10, Pl. Memo. at 9).

The Commissioner points to the medical record from Dr. White (an examining physician on referral from plaintiff's doctor, Dr. Logan), who found that plaintiff could stand for two hours

per day (R. 135, 138, 143).  Dr. Logan did not note any limitation regarding plaintiff's standing, did find that he could perform sedentary work (R. 205, 201).  The Commissioner argues that the medical record contradicts plaintiff's contention that he could only lift 3-4 pounds, walk only 400 feet, stand for five minutes, and needed to lie down frequently (Docket No. 11, Def. Reply Memo. at 2; cf. Docket No. 10, Pl. Memo. at 8).  Plaintiff testified that he can lift 3 to 4 pounds (R. 44, which plaintiff now wants to be accepted as true if this matter were remanded, Docket No. 10, Pl. Memo. at 8, 9-10), but the ALJ found that he could frequently lift 5 pounds and occasionally up to 10 pounds based upon the medical record (R. 16).

The ALJ did note Dr. Blum's findings in his opinion (R. 15), in particular that plaintiff could "stand and\or walk for less than two hours at a time" (id.), and found, based upon the medical evidence, that plaintiff could "stand and\or walk for 2 hours" (R. 16[2]) without explaining the deviations from Dr. Blum's opinion or parsing that opinion to note where it differed from the other examining physicians' opinions.

## CONCLUSION

For the foregoing reasons, this Court recommends that the decision of the Commissioner be **reversed** and this matter be **remanded** for further administrative proceedings.  Defendant Commissioner's motion for judgment on the pleadings (Docket No. 8) should be **denied** and plaintiff's motion for similar relief in his favor (Docket No. 10) should be **granted**.

---

[2]The ALJ also found that plaintiff could "occasionally balance, stoop, kneel, crouch or reach above shoulder level," R. 16, contrary to Dr. Blum's opinion that plaintiff "should never be required to . . . kneel, crouch, crawl or stoop," R. 15.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy to the Report & Recommendation to all parties.

**Any objections to this Report & Recommendation *must* be filed with the Clerk of this Court *within ten (10) days* after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) and W.D.N.Y. Local Civil Rule 72.3(a).  <u>Failure to file objections to this report & recommendation within the specified time or to request an extension of such time waives the right to appeal any subsequent district court's order adopting the recommendations contained herein.</u>**  <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>F.D.I.C. v. Hillcrest Associates</u>, 66 F.3d 566 (2d Cir. 1995); <u>Wesolak v. Canadair Ltd.</u>, 838 F.2d 55 (2d Cir. 1988).

The District Court on <u>de novo</u> review will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance.  See <u>Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co.</u>, 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Civil Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and

recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72.3(a)(3) may result in the District Court's refusal to consider the objection.**

So Ordered.

s/HBS<br>Hon. Hugh B. Scott<br>United States Magistrate Judge

Buffalo, New York
November 22, 2005